## GIBSON v. CUNNINGHAM et al., Appellants.

Fraud: TAKING ADVANTAGE OF AN INEXPERIENCED YOUNG MAN: ANNULLING CONTRACT OF PARTNERSHIP: INJUNCTION. The decree of the lower court affirmed, annulling a partnership and restraining defendants from foreclosing a deed of trust, where the defendants, being engaged in a mercantile business which yielded them an annual profit of fifteen hundred dollars, falsely represented to the plaintiff that their annual profits were six thousand dollars per year, to induce him to buy a one-third interest in the firm, and in certain lands belonging to the defendants, which the plaintiff did under the belief created by such representations that his part of the profits would pay off the notes he gave as they matured, and which defendants caused to be secured by the execution of the deed of trust on the farm of plaintiff's wife, the evidence being to the effect that the latter was a young man, reared in the country, and without experience or means, till his marriage, which occurred about three months before the contract with defendants, the sole inducement for taking him in as a partner, as testified to by one of them, being that in the event of a loss by fire the plaintiff could bear one-third of the loss, while all the other evidence in the case tended to show that the real inducement for letting him into the partnership was to enable the defendants to absorb and "take in" the farm of the wife.

*Appeal from Vernon Circuit Court.*—HON. CHAS. G. BURTON, Judge.

AFFIRMED.

*W. J. Stone* for appellants.

(1) The evidence of witnesses, Kincaid, Moss and Wells, was incompetent and should not have been admitted against the objections of the defendants. It did not tend to prove any issue made by the pleadings. It is true plaintiff charged that he had been overreached and swindled, but nowhere in the petition does he intimate that the advantage gained over him was on account of his

own imbecility.   No such issue was tendered.   He did not attempt to stultify himself in his petition, and should not have been permitted to do so in his testimony. (2) The evidence of Nancy Scott was incompetent, because it was immaterial, and the only end it could serve was to impeach the testimony of L. A. Cunningham, who was plaintiff's own witness.   (3) The judgment allowing plaintiff one hundred and ninety-eight dollars as wages during the eleven months he was in the store as a partner, was unauthorized.   The plaintiff sought the defendants and deliberately made a trade with them.   He went into the store as a partner.   Defendants did not want him as a clerk.   But here the court releases him from the partnership and treats him as clerk,   The defendants are compelled to accept their partner as a clerk. The court changes the contract from one of partnership to one of hire, and compels defendants to accept it *"nolens volens"* ; and all because defendants made a trade which plaintiff originated and pressed upon them. (4) The decree is not warranted by the evidence.

*G. S. Hoss* for respondent.

The court's ruling was right as to the general finding.   All the evidence corroborates the testimony of plaintiff.   The case shows deliberate fraud from beginning to end on defendants' part, and that their statements concerning the trade and reasons for making it are unworthy of belief.

NORTON, C. J.—The petition in this case alleges that in March, 1883, the defendants, with a view to obtaining ownership and possession of plaintiff's farm, by means of false and fraudulent representations, induced plaintiff to enter into partnership with them, under the firm name of L. A. Cunningham & Company, in conducting a mercantile business as dealers in hardware, furniture and tinware, in Schell City, Missouri ; that

defendants falsely and fraudulently represented to him that the said business (in which defendants were then engaged at Schell City), made them a net profit of six thousand dollars a year, and that they then had merchandise in stock of the value of twelve thousand dollars ; and that, by reason of such misrepresentations, the plaintiff was induced to enter into co-partnership with defendants and to purchase from them a one-third interest in the business of defendants, including a one-third interest in certain real estate, in Schell City (in the petition described), for which he agreed to pay defendants four thousand dollars, payable in one and two years, in equal parts, with interest at eight per cent., and that plaintiff accordingly executed two notes for two thousand dollars each, to secure the payment of which plaintiff and his wife executed a deed of trust to defendants on certain real estate belonging to Mrs. Gibson, situate in Vernon county, of the value of eight thousand dollars.

It is further alleged that defendants took him into the partnership for the sole purpose of defrauding plaintiff's wife out of her said real estate ; that plaintiff theretofore had not had any acquaintance with business of that character, and for that reason did not know that defendants had committed a fraud on him till the month of January, 1884 ; that defendants had, since the execution of said deed, spoken of the farm as theirs, and said they would own it. After tendering in the petition his deed, reconveying to defendants the interest conveyed to him by defendants in the lots in Schell City, the court is asked to annul the partnership and to restrain defendants from foreclosing the deed of trust.

The answer of defendants put in issue the allegations of the petition as to all fraudulent representations, and charged that plaintiff had drawn six hundred and fifty dollars from the partnership funds instead of five hundred dollars, as admitted by plaintiff in his petition.

The trial resulted in a judgment for the plaintiff in conformity with the prayer of the petition, and it was further adjudged that plaintiff pay to defendants the amount drawn from the partnership funds, less the sum of one hundred and ninety-eight dollars, which was allowed plaintiff by the court for his services while he was in the store under his contract. From this judgment defendants have appealed and seek to reverse it on the ground that it is not sustained by the evidence.

The evidence tended to show that defendants were experienced in the business in which they were engaged, and that plaintiff, a young man reared in the country, was totally without experience and without means till his marriage, which occurred about three months before he contracted with defendants, his wife being the owner of the farm upon which the deed of trust was given, the cancellation of which is sought by this suit. The evidence shows that soon after plaintiff's marriage he moved from the farm into Schell City and lived in a rented house, and in a few weeks thereafter entered into negotiations with defendants to be taken into partnership, which culminated in the purchase by him of a one-third interest in the business of defendants on the terms set forth in the petition.

Both of defendants testified that they were first approached by plaintiff, who proposed to buy an interest in the partnership ; that their stock of goods, notes, and accounts, and lots with the improvements thereon, aggregated in value at least twelve thousand dollars ; that, after looking at the land, they sold one-third interest to plaintiff for the sum of four thousand dollars, taking a deed of trust on the land to secure the same ; that they offered to take an invoice of the goods, and both denied having represented to plaintiff that their business yielded an annual profit of six thousand dollars, and testified, as a fact, that their annual profits amounted to about fifteen hundred dollars. One of the defendants

in testifying as to the inducement for selling and taking in plaintiff as a partner, stated as follows: "If our insurance was six thousand dollars and building worth twenty-five hundred dollars, of course, in case of total loss by fire our loss would have been two thousand dollars, and the inducement to take plaintiff in as a partner was that he should bear one-third of that loss in case of fire." They then further testified that defendant's services while in the store were worth about eighteen dollars per month.

Plaintiff testified that, during the negotiations and after defendant, L. A. Cunningham, had gone out and looked at his wife's farm and said something about the trade, witness replied, "You must go up to the house and see my wife; he went up to the house that evening; he and she talked about the trade; I left it to her to do the trading; he said he liked the farm very well and would take a mortgage on it; she said something about an eastern loan; he said there was no use in doing that, he would take the mortgage himself and save us that expense, as he did not need the money; he said he asked twelve thousand dollars for the whole business, and that he had from one thousand to fifteeen hundred dollars of accounts due him; my wife said we never could pay out that way; he said, 'my God, why can't you? We made six thousand dollars clear profit last year;' she asked again if that was true that they made six thousand dollars; he said it was, and that there was a better prospect for the next year, as trade was better; he told her she could have one-third for four thousand dollars; he told her that before she asked him how much he made; we all agreed to trade up at our house, nothing being said at that time about payments; my wife and I went to the store and she and Cunningham agreed upon how the payments were to be made in one and two years; the Cunninghams said the note would be paid out of the profits of the business and

that our part would be two thousand dollars a year; I believed that; I put more confidence in defendants than I would in myself; I believed defendants were truthful men." He further testified that when he ascertained that these statements were not true he brought this suit.

Plaintiff offered the evidence of his wife (which the court refused to receive) fully corroborating his version of what occurred at and previous to the time the contract was entered into. Other evidence was introduced to the effect that plaintiff was weak and improvident, without any qualifications to recommend him as a partner in such business as defendants were engaged in, and also to the effect that one of defendants claimed soon after the trade that they would get the farm.

If defendants represented to plaintiff that the annual profit of their business was six thousand dollars per year to induce him to buy into the partnership, and plaintiff was thereby induced to enter into the contract under the belief created by such representations that his part of the profits would pay off the notes as they matured, and such representations were false and fraudulent, it is clear that, upon the soundest principles of equity, he is entitled to the relief which the court by its decree gave him. As to whether such representations were made or not the evidence is conflicting, and while, from the fact that the witnesses are not before us, we are not in as favorable a position to pass upon this conflict as the chancellor who tried the case, we are nevertheless impressed with the belief that the conclusion reached by him was a just and correct one, especially so in view of the fact that defendants were experienced business men, engaged in a business yielding, according to their evidence, an annual profit of fifteen hundred dollars, which they were willing that plaintiff might participate in as a partner to the extent of one-third, although he would neither bring into the partner-

The State ex rel. Brown v. The Mo. Pac. Ry. Co.

ship the slightest business qualifications nor experience, the sole inducement for taking him in as a partner being, according to the evidence of one of the defendants, that in the event of a loss by fire the plaintiff should bear one-third of a two thousand-dollar loss which might be the result of a fire, while all the other evidence in the case tends to show that the real inducement for letting him into the partnership was to absorb and "*take in*" the farm of his wife.

Judgment affirmed.    All concur.